Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| CASE NUMBER | 00 C 2021 | DATE | 3/29/2001 |
| CASE TITLE | Reverend Stephen Tracy Anderson vs. Matthew F. Hale, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendants' emergency motion to stay and motion to quash plaintiff's subpoena to the Montana State Bar and for other relief is denied [21-1], [21-2], [22-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 29 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3/29/2001 | |
| | | | date mailed notice | |
| IS | courtroom deputy's initials | 01 MAR 29 PM 1:34 | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REVEREND STEPHEN TRACY ANDERSON, ) ) ) | |
| Plaintiff, ) ) | Case No. 00 C 2021 |
| v. ) ) | Judge James B. Moran |
| MATTHEW F. HALE; THE WORLD CHURCH OF THE CREATOR, an unincorporated association; THE ESTATE OF BENJAMIN NATHANIEL SMITH, ) ) ) ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) ) | **DOCKETED** MAR 2 9 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reverend Stephen Tracy Anderson, filed a complaint against Defendants, Matthew F. Hale, The World Church of the Creator (the "WCOTC"), and the Estate of Benjamin Nathaniel Smith, seeking relief under various federal and state laws for violating his rights. Presently before this Court is Defendants' Emergency Motion to Stay and Motion to Quash Plaintiff's Subpoena to the Montana State Bar and for Other Relief.[1] For the reasons that follow, Defendants' motion is denied.

---

[1] As stated in open court, in late March 2001, Hale's bar application to Montana was denied. Nevertheless, even though the immediacy of the issue is no longer present, the propriety of the subpoena remains contested.

## I. Background

The underlying litigation relates to Smith's widely publicized July 1999 shooting spree and its connection to the WCOTC, a white supremacist organization, and Hale, the WCOTC's "Pontifex Maximus" or Supreme Leader. During that spree, Smith, a member of the WCOTC, injured several people including Plaintiff, an African-American. The tragic event finally ended with Smith taking his own life.

Plaintiff based his complaint in part on the assertion that Hale, as leader of the WCOTC, encouraged Smith to engage in the shootings; therefore, Hale and the WCOTC should be held accountable for Plaintiff's injuries. Discovery began roughly seven months ago.

So far, the road to discovery has been slow with objections coming from both sides on several occasions for one reason or another. This time we confront Defendants' objections to a subpoena that Plaintiff served on the State Bar of Montana. Plaintiff wants Montana to turn over all materials relating to Hale's bar application. Plaintiff believes that Montana may have uncovered information during its investigation into Hale's character and fitness that would be helpful to Plaintiff's case.

Defendants, on the other hand, object to Montana's production of the documents on three grounds. First, the information is patently irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Second, the information has already been produced by other parties. And

third, the subpoena evidences not an effort to obtain admissible evidence but to harass Defendants. With respect to each of these grounds, we disagree.

II. **Discussion**

The scope of discovery is broad; discovery rules are liberally construed to provide parties with access to the operative facts of the case. *See Craig v. Exxon Corp.*, No. 97 C 8936, 1998 WL 850812, at *1 (N.D. Ill. Dec. 2, 1998) (quoting *Onwuku v. Fed. Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997)). Generally speaking, a party in a civil case is entitled to discover all information relevant to the subject matter of the underlying litigation. *See Degen v. United States*, 517 U.S. 820, 825-26 (1996); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978); Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant if there is any chance that the information sought may be relevant to the subject matter of the action." *Shapo v. Engle*, No. 98 C 7909, 2001 WL 204804, at *2 (N.D. Ill. Mar. 1, 2001). Moreover, the information requested need not be admissible at trial, provided that the information sought is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Against this backdrop, Plaintiff has demonstrated that the documents requested pursuant to the Montana subpoena should be produced. First, Plaintiff has shown that the information sought

from Montana may be relevant to proving Count III of the complaint and, at a minimum, that the information may lead to the discovery of admissible evidence.

As Plaintiff points out, to prove Count III of the complaint, a violation of § 1985(3), Plaintiff must show that Hale and Smith conspired to deprive Plaintiff of a federally protected right. *See Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). The alleged conspiracy in this case would consist of Hale and Smith, and perhaps others, acting in concert to injure Plaintiff on the basis of his race.

Communications between Hale and Smith, of course, may be relevant to proving the conspiracy, and those communications may lead to admissible evidence. Similarly, communications between Hale and others may also be helpful to Plaintiff in proving his case. Whether or not Montana's investigative file actually contains such information is unknown. Nonetheless, Plaintiff should have the opportunity to find out.

Montana investigated Hale's character and fitness. This investigation must have included an investigation into Hale's prior conduct -- which happens to be exactly what Plaintiff is trying to do. Conceivably, Montana's investigation may have uncovered communications between Hale and Smith. As mentioned above, these communications, if in fact any exist, may be relevant to establish the existence of a conspiracy between Hale and Smith and may be admissible at trial, or, at a minimum, lead

to admissible evidence. Defendants' conclusion to the contrary is unfounded, especially considering that Hale's prior conduct was the subject of Montana's investigation and that same conduct takes center stage in this litigation.

Defendants would have us believe that the information Plaintiff seeks consists only of rudimentary, collateral facts such as Hale's address, educational history, employment history, etc. This is clearly not the case. If it were, we surely doubt that Plaintiff would have wasted time obtaining the subpoena. Instead, Plaintiff seeks the notes of those who investigated Hale's character and fitness and the information they gathered. Again, Plaintiff is entitled to discover this potentially useful information.

Defendants' contention that the Montana subpoena should be quashed because the information sought has already been produced fares no better. True, Plaintiff probably possesses some of the information that Montana intends on delivering -- e.g., employment history, academic record, etc. -- but, as discussed, the document production may reveal much more than that. That information is what Plaintiff wants, and only Montana can produce it. Thus, the subpoena should not be quashed on this ground.

Finally, Defendants' bad faith argument is unconvincing. According to Defendants, Plaintiff's Montana subpoena is yet another indication of Plaintiff's design to "destroy . . . Hale and the WCOTC" and prevent Hale from securing a license to practice law. (Defs.' Mem. Law Supp. Emergency Mot. Stay & Mot.

Quash at 2.) Such words often appear in Defendants' brief, as they have on other occasions. For purposes of this motion, Defendants argue that Plaintiff's service of a subpoena on Montana to obtain information relating to Hale's bar application while Hale's application was pending "conclusively demonstrates" this malicious design, especially considering that Plaintiff never gave Hale an opportunity to produce the information. (*Id.*) Defendants further conclude that this conduct amounts to a violation of Rule 45(c)(1), which requires parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena."

Defendants' portrayal of themselves as victims of Plaintiff's harassing tactics is becoming less and less effective. Here, as elsewhere, the rhetoric fails. First, it is apparent that only Montana possesses some of the documents that Plaintiff seeks. Thus, the same request for the documents directed at Defendants would not produce the same result. Defendants do not possess Montana's entire investigative file. Second, the mere fact that Plaintiff chose to subpoena Montana rather than, for example, Illinois, where Plaintiff had already been denied admission to the bar, offers no evidence of bad faith. The information gathered by Montana may not be the exact same as that gathered by Illinois. How Defendants determined that Plaintiff could have obtained the "*very same* information from . . . Illinois" is incomprehensible. (Defs.' Mem. Law Supp.

Emergency Mot. Stay & Mot. Quash at 7.) Defendants have never seen either Illinois' or Montana's investigative files.

Similarly elusive is how Hale was prejudiced by the Montana subpoena. Certainly Hale would have had to disclose this litigation on his bar application (or include it in a supplemental disclosure). Otherwise, Hale would run afoul of certain ethical rules. *See, e.g.*, Model Rules of Prof'l Conduct R. 8.1. Accordingly, we conclude that Hale suffered no prejudice by Plaintiff serving the subpoena on Montana because Montana was already aware of this litigation before the subpoena was served.

Lastly, we point out that this entire analysis applies equally to any other subpoenas on any other state bars that have compiled an investigative file on Hale. All such information may be relevant and may lead to admissible evidence. Although Defendants may believe this is harassing, all litigation is to some extent harassing. This is a small price to pay to arrive at the truth.

### III. Conclusion

For the reasons stated, Defendants' Emergency Motion to Stay and Motion to Quash Plaintiff's Subpoena to the Montana State Bar and for Other Relief is denied.

MARTIN C. ASHMAN
Dated: March 29, 2001.          United States Magistrate Judge

Copies have been mailed to:

MARY ROSE ALEXANDER, Esq.
STEPHEN A. SWEDLOW, Esq.
AMY J. KAPPELER, Esq.
KATHERINE D. VEGA, Esq.
Latham & Watkins
233 South Wacker Drive
Suite 5800
Chicago, IL  60606

NANCY CHANG, Esq.
WILLIAM H. GOODMAN, Esq.
Center for Constitutional
  Rights
666 Broadway
7th Floor
New York, NY  10012

JANINE L. HOFT, Esq.
People's Law Office
1180 North Milwaukee Avenue
Chicago, IL  60622

Attorneys for Plaintiff

GLENN GREENWALD, Esq.
Greenwald, Christoph
  & Holland, P.C.
1370 Avenue of the Americas
32nd Floor
New York, NY  10019

Attorneys for Defendants