# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2021 | **DATE** | 5/31/2001 |
| **CASE TITLE** | Reverend Stephen Tracy Anderson vs. Matthew F. Hale, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter memorandum opinion and order. Defendants' emergency motion to stay plaintiff's subpoenas to the Ohio and Wyoming Bars is denied. Plaintiff is entitled to discover state bar investigative files on Hale.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN - 1 2001 date docketed | 66 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 31 PM 4: 38 | 5/31/2001 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REVEREND STEPHEN TRACY ANDERSON, | )<br>)<br>) |
| Plaintiff, | ) Case No. 00 C 2021 |
| v. | ) Judge James B. Moran |
| MATTHEW F. HALE; THE WORLD CHURCH OF THE CREATOR, an unincorporated association; THE ESTATE OF BENJAMIN NATHANIEL SMITH, | ) Magistrate Judge<br>) Martin C. Ashman<br>)<br>) **DOCKETED**<br>) |
| Defendants. | ) JUN - 1 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reverend Stephen Tracy Anderson, filed a complaint against Defendants, Matthew F. Hale, the World Church of the Creator, and the Estate of Benjamin Nathaniel Smith, alleging that Defendants conspired to deprive Plaintiff of his federally protected rights by physically injuring him. Presently before this Court is Defendants' Emergency Motion to Stay Plaintiff's Subpoenas to the Ohio and Wyoming Bars.[1] Defendants contend that state bar investigative files on Hale are not discoverable under amended Federal Rule of Civil Procedure 26(b)(1). For the following reasons, Defendants' motion is denied.

### I. Background

The instant dispute mirrors that which we confronted in March 2001. At that time, Plaintiff subpoenaed the State Bar of Montana to obtain its investigative file on Hale. Montana

---

[1] This motion is properly brought under Rule 26(c). *See* Fed. R. Civ. P. 26(c).



created the file upon receiving Hale's application for admission to the Montana bar. The file contained approximately 2500 pages of information relating to Hale's character and fitness, some of which Plaintiff believed may be helpful to his § 1985(3) claim.

Defendants countered that the information contained in the investigative file was not remotely relevant to the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendants contended that the subpoena was issued in bad faith to interfere with Hale's endeavor to secure a law license.

On March 29, 2001, this Court determined that Plaintiff was entitled to discover state bar investigative files on Hale. *Anderson v. Hale*, No. 00 C 2021, 2001 WL 314981, at *2-3 (N.D. Ill. Mar. 29, 2001). We held that the files were relevant because they may include information relating to the alleged Hale-Smith conspiracy, including communications between Hale and Smith. Additionally, we concluded that any notes taken and documents gathered concerning Hale's character and fitness appeared reasonably calculated to lead to the discovery of admissible evidence. In other words, we concluded that state bar investigative files may hold some information that Plaintiff could use to prove his § 1985(3) claim. *See id.* at *2.

The order lived a short life. On April 11, 2001, Defendants filed a Rule 60(b) motion, alleging that this Court erred by applying old Rule 26(b)(1) instead of amended Rule 26(b)(1). Admitting error, this Court vacated its March 29, 2001 order on May 18, 2001. In the meantime, however, Plaintiff obtained the entire Montana investigative file and perused the documents contained therein. (*See* Defs.' Mem. Supp. Rule 60(b) Mot. at 4 n.1.) Moreover, in reliance on the prospective language in the March order, Plaintiff served subpoenas on three other state bars--Iowa, Ohio, and Wyoming. (*See* Defs.' Emergency Mot. Stay Pl.'s Subpoenas Ohio &

Wyo. Bars at 3.) Plaintiff has reviewed the Iowa file; the Ohio and Wyoming files remain untouched. (*See id.* at 4-5.)

To resolve the issue once and for all, the parties now want a blanket determination of the propriety of Plaintiff serving subpoenas on state bars to obtain investigative files on Hale. Given the timing of this motion and discovery posture of this case, amended Rule 26(b)(1) governs the dispute.

## II. Discussion

Since December 1, 2000, amended Rule 26(b)(1) has applied to federal court proceedings insofar as just and practicable. Amended Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Exactly what this means vis-a-vis old Rule 26(b)(1) will be settled over time.[2] *See id.* advisory committee's note ("The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision."). In any event, a narrowing has taken place.

---

[2] Old Rule 26(b)(1) provided that "[p]arties may obtain discovery regarding any matter . . . which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1) (1999). Additionally, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Committee's note provides some insight on this narrowing. It tells us that information is relevant if it directly involves the claims or defenses of the lawsuit. Moreover, it tells us that information could be relevant even though it is indirectly related to the claims or defenses of the lawsuit. For example, "other incidents of the same type" could be relevant. Lastly, the note tells us that information, not relevant to the claims or defenses of the lawsuit per se, is discoverable if the information could be used to impeach. This gloss on relevance expands the claim or defense standard.

In terms of admissibility, the Committee's note instructs that only relevant information is discoverable. Similar to old Rule 26(b)(1), the relevant information need not be admissible; it need only be reasonably calculated to lead to the discovery of admissible evidence.

As of this writing, few courts have addressed the scope of amended Rule 26(b)(1). In *Sanchez v. Turner*, the court referenced the "other incidents" language of the Committee's note, but ultimately relied on the subject matter standard of old Rule 26(b)(1) to allow discovery. No. 00 CIV 1674 AGS DFE, 2001 WL 303719, at *2 (S.D.N.Y. Mar. 29, 2001) (applying the "just cause" exception of amended Rule 26(b)(1)). In *Behler v. Hanlon*, the court allowed discovery for impeachment.[3] No. JFM-99-3877, 2001 WL 418752, at *2 (D. Md. Apr. 20, 2001). Finally, in *McCann v. Bay Ship Mgmt., Inc.*, the court relied on amended Rule 26(b)(1) to deny a motion to compel because the movant did not describe how the information sought was

---

[3] Even though the court applied old Rule 26(b)(1), for some reason it explained why discovery would have been allowed under amended Rule 26(b)(1), too. *See Behler*, 2001 WL 418752, at *2. Oddly, the judge in *Behler* also discussed amended Rule 26(b)(1) in another case where he applied old Rule 26(b)(1). *See Thompson v. Dep't of Hous. & Urban Dev.*, Civ.A. No. MJG-95-309, 2001 WL 258390, at *1-6 (D. Md. Mar. 13, 2001).

relevant to the claims or defenses of the lawsuit. No. CIV. A. 00-1430, 2000 WL 1838714, at *1 (E.D. La. Dec. 8, 2000). None of the decisions suggest that amended Rule 26(b)(1) will bring about a dramatic effect on the scope of discovery.

The gravamen of Plaintiff's complaint is a § 1985(3) claim, alleging a conspiracy between Hale and Smith to deprive Plaintiff of his federally protected rights. As explained in the March order, state bar investigative files may contain some information directly pertinent to this claim. For instance, the files may contain communications between Hale and Smith, and perhaps others, evincing an intent to act in concert to injure Plaintiff on the basis of his race. *See Anderson*, 2001 WL 314981, at *2. The files may also contain statements made by Hale that demonstrate to some degree his knowledge of the Smith shootings. After all, any state bar investigation likely probed Hale's prior conduct during the relevant time period.

Additionally, the files may contain discoverable information that is not directly pertinent to Plaintiff's claims or Defendants' defenses. As we also explained in the March order, Hale's prior conduct becomes the topic of study in any state bar investigation. Montana, for example, culled some 2500 pages of information relating to Hale's past behavior. Within this morass of paper, Plaintiff may find evidence linking Hale to violent activity against members of non-White races, again assuming such information exists. State bar investigations aim to establish Hale's character; evidence of Hale engaging in violent activity goes toward determining good character. We need not discuss the ways in which such information might be helpful to Plaintiff's § 1985(3) claim. At this time it is enough to say that Plaintiff is entitled to discover the information because other incidents of the same type are relevant under amended Rule 26(b)(1).

The remaining issue involves who should ferret through the voluminous investigative files to ascertain if any relevant information actually exists. As the producing party a state bar would normally be responsible for sorting through and selecting documents responsive to Plaintiff's subpoena. But because the State Bar of Ohio, Wyoming, and so on, would be unfamiliar with the claims or defenses of this lawsuit, they could not locate and deliver all the relevant documents without undue burden. For this reason, wholesale disclosure of investigative files is warranted. *See, e.g., Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 CIV. 11490 (RCC), 2000 WL 1357787, at *2 (S.D.N.Y. Sept. 14, 2000).

### III. Conclusion

For the reasons stated, Defendants' motion is denied. Plaintiff is entitled to discover state bar investigative files on Hale.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** May 31, 2001.

Copies have been mailed to:

MARY ROSE ALEXANDER, Esq.
STEPHEN A. SWEDLOW, Esq.
AMY J. KAPPELER, Esq.
KATHERINE D. VEGA, Esq.
Latham & Watkins
233 South Wacker Drive
Suite 5800
Chicago, IL 60606

NANCY CHANG, Esq.
WILLIAM H. GOODMAN, Esq.
Center for Constitutional Rights
666 Broadway
7th Floor
New York, NY 10012

JANINE L. HOFT, Esq.
People's Law Office
1180 North Milwaukee Avenue
Chicago, IL 60622

Attorneys for Plaintiff

GLENN GREENWALD, Esq.
Greenwald, Christoph & Holland, P.C.
1370 Avenue of the Americas
32nd Floor
New York, NY 10019

Attorneys for Defendants