Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2021 | **DATE** | 8/23/2001 |
| **CASE TITLE** | Reverend Stephen Tracy Anderson vs. Matthew F. Hale et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' objections are overruled. Per the magistrate judge's order, they must cease the practice of recording witnesses without consent and disclose any recordings currently in their possession.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 27 2001 date docketed | 78 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 24 AM 9:01 | AUG 27 2001 date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REVEREND STEPHEN TRACY ANDERSON, )
)
Plaintiff, )
)
vs. ) No. 00 C 2021
)
MATTHEW F. HALE, THE WORLD )
CHURCH OF THE CREATOR, an )
unincorporated association, and THE )
ESTATE OF BENJAMIN NATHANIEL )
SMITH, )
)
Defendants. )

AUG 27 2001

## MEMORANDUM OPINION AND ORDER

Defendants Matthew Hale, The World Church of the Creator, and the Estate of Benjamin Nathaniel Smith have filed objections to Magistrate Judge Ashman's resolution of this discovery dispute. *See* Fed. R. Civ. P. 72(A). Those objections are denied.

The magistrate judge's opinion, <u>Anderson v. Hale</u>, 2001 WL 417991 (N.D. Ill. Apr. 23, 2001), thoroughly details the factual background, so we only summarize it here. Defendants' counsel recorded telephone conversations with various third party witnesses, without disclosing to those witnesses that they were being recorded. Counsel and his tape-recorder were both in New York. The witnesses, at least some of them, called from Illinois. Plaintiff moved to compel disclosure of these tapes, arguing that this conduct was unethical and therefore vitiated any attorney work-product privilege that may have attached to these recordings, and sought a protective order prohibiting any further recordings. The magistrate judge granted both motions, finding defense counsel's conduct unethical under two separate rules: Local Rule 83.58.4(a)(4), prohibiting "dishonesty, fraud, deceit or misrepresentation;"

and Local Rule 83.54.4, stating " a lawyer shall not ... use methods of obtaining evidence that violate the legal rights of [another] person."

At the outset, we briefly address the timeliness issue. Defendants did not file their objections within the prescribed period. Nonetheless, we have discretion to consider the objections because this deadline is not jurisdictional. Kruger v. Apfel, 214 F.3d 784 (7th Cir. 2000).

We review the magistrate judge's findings to determine whether they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)A). If the question requires an "unadulterated legal conclusion," we ordinarily perform a "more searching" review. *See* McFarlane v. Life Ins. Co. of N. America, 999 F.2d 266, 267 (7th Cir. 1993). Moreover, we have the discretion to conduct a *de novo* review. *See* United States v. Frans, 697 F.2d 188, 191 n.3 (7th Cir. 1983). Because this is a purely legal question, and one of tremendous importance, we will review this matter *de novo*.

The decisive question is whether recording a phone conversation without so disclosing is inherently deceitful. There is a split of authority. Plaintiff, and the magistrate judge, rely on an American Bar Association opinion and its progeny. *See* ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 337 (1974) (finding surreptitious recording by attorneys inherently deceitful); 2001 WL 417991 at *7 (collecting ethics opinions and cases). A clear majority of jurisdictions, and all the federal courts to consider this issue, agree with this view. Defendants counter with what they describe as "more recent" and "better reasoned" opinions reaching the opposite result. *See id.* Whether the minority opinions can properly be characterized as more recent is debatable, but largely beside the point. More importantly, the magistrate judge found the majority position better reasoned, and so do we.

Defendants' attacks on the magistrate judge's opinion are unpersuasive. They argue that the plain meaning of the rule does not prohibit surreptitious taping. But the law recognizes, in countless areas, that omitting material facts can be as misleading as affirmative misstatements. Attorneys, as officers of the court, are held to a particularly high standard of candor. This may include volunteering information that is not explicitly requested. That a conversation is being recorded is a material fact that must be disclosed by an attorney. Defendants also argue that modern technology and norms make the 1974 ABA opinion obsolete. The fact that recording conversations is much simpler and more pervasive now does not make it proper. If anything, it makes the need for this rule more compelling. The magistrate judge did not accept the ABA opinion blindly. He addressed each of these arguments, and his reasoning in rejecting them is thorough and logical. We agree with Magistrate Judge Ashman's reasoning in its entirety, and consequently need not repeat it here.

We also agree with the magistrate judge's reference to the Illinois Eavesdropping Act in applying Rule 83.54.4. Contrary to defendants' assertion, the magistrate judge did not apply the statute to counsel directly. Rather, he properly used it to construe the court's rules, to which counsel is indisputably subject.

The magistrate judge's reasoning, once again, is sound. By appearing *pro hoc vice*, counsel agrees to familiarize himself with and abide by local rules and local law, including substantive law. Regardless of whether this statute is directly applicable to out-of-state recordings, it provides a reference point for what rights must be respected by attorneys practicing here.[1] Illinois has conferred on its citizens a right not to be recorded without their

---

[1] The fact that counsel may be beyond the statute's reach for purposes of a civil suit is immaterial.

consent. Because surreptitiously recording conversations violates a right recognized in this jurisdiction, attorneys appearing before this court may not do so. We also agree with Magistrate Judge Ashman's analysis of the importance of a level playing field. This court's rules must apply uniformly to all attorneys appearing here, regardless of their offices' location. To permit otherwise is not only illogical, but would interfere with the fair administration of justice, in general, and undermine the purpose of the work product doctrine, in particular.

Given the rhetoric in the papers filed with respect to this difficult ethical question, we wish to clarify one last matter. We are applying rules here, not judging character. As the magistrate judge noted, although ultimately unsuccessful, defendants' arguments were reasonable. Defense counsel could have reasonably believed that his conduct was permissible. Although we find that his conduct did violate the rules, our rejection of his position does not equate to an indictment as an unethical person.

For the foregoing reasons, defendants' objections are overruled. Per the magistrate judge's order, they must cease the practice of recording witnesses without consent and disclose any recordings currently in their possession.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

August 23, 2001.